**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trina Jeffries,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-24-00323-PHX-KML<br><br>**ORDER** |

Plaintiff Trina Jeffries seeks review of the Social Security Commissioner's final decision denying her disability insurance benefits. Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and is not based on harmful legal error, it is affirmed.

**I.  Background**

Jeffries filed an application for disability insurance benefits on April 28, 2021, alleging a disability beginning August 14, 2020. (Administrative Record ("AR") 16.) An ALJ denied her claim on April 26, 2023 (AR 32), and the Appeals Council denied her request for review (AR 1). Jeffries then appealed to this court.

**II.  Legal Standard**

The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" of evidence and is such that "a reasonable mind might accept as adequate

to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

### III. Discussion

Jeffries argues the ALJ committed three materially-harmful legal errors in analyzing her claim: (1) failing to find her mental impairment severe; (2) finding the medical opinion of occupational therapist Kavita Parikh unpersuasive; and (3) finding the medical opinion of Dr. Kari Coelho, a consultative psychological examiner, unpersuasive. Jeffries seeks a remand for further administrative proceedings.

### A. The ALJ's Five-Step Disability Evaluation Process

Under the Social Security Act, a claimant for disability insurance benefits must establish disability prior to the date last insured. 42 U.S.C. § 423(c); 20 C.F.R. § 404.131. A claimant is disabled under the Act if she cannot engage in substantial gainful activity because of a medically-determinable physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months or more. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

Whether a claimant is disabled is determined by a five-step sequential process. *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022) (summarizing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step three, the claimant must show that her impairment or combination of impairments meets or equals the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant meets her burden at step three, she is presumed disabled and the analysis ends. If not, at step four, the claimant must show her residual functional capacity ("RFC")—the most she can do with her impairments—precludes her from performing her past work. *Id.* If the claimant meets her burden at step four, then at step five the Commissioner must determine if the claimant is able to perform other work that "exists in significant numbers in the national economy"

given the claimant's RFC, age, education, and work experience. *Id.* at § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.*

The ALJ found Jeffries had "not engaged in substantial gainful activity" since her disability onset date and that she had a severe impairment for a continuous period of twelve months, satisfying her burden at steps one and two. *Id.* at § 404.1520(a)(4)(i)–(ii). (AR 19–20.) At step three, he concluded her impairments or combination of impairments did not meet or medically equal the severity of a listed impairment (AR 24–25) and at step four, that Jeffries had the RFC to perform light work with some additional physical limitations (AR 25). In evaluating Jeffries's RFC, the ALJ considered her entire medical record but discounted the opinions of Parikh and Dr. Coelho.[1] (AR 30–31.)

The ALJ used Jeffries's RFC to conclude at step four that she was not disabled because she could perform her past relevant work as a personnel director, medical records manager, ER administrator, and in credentialing and enrollment. (AR 31.)

**B. Mental Impairment**

At step two of the sequential evaluation process, the ALJ found Jeffries had the severe impairments of cervical and lumbar degenerative disc disease and obesity. (AR 20.) She argues the ALJ erred by not considering her mental impairment of depression to be severe because that finding is not supported by substantial evidence.[2] (*See* Doc. 18 at 10–11.) In support of this argument, she contends the ALJ failed to cite any records inconsistent with the severe mental impairment Dr. Coelho described. (Doc. 18 at 11–14.) She also faults the ALJ for relying on numerous normal mental status examinations that pre-dated "a severe decline in mental health toward the end of 2021." (Doc. 18 at 12–13.)

This argument fails because the ALJ cited ample evidence from a variety of medical sources to support his conclusion that Jeffries's mental impairment was not severe. (*See* AR 30.) This includes the medical opinions of Dr. Cristobal Eblen and Dr. Raymond

---

[1] The ALJ discounted other medical opinions (*see* AR 29–30), but Jeffries does not contend that those analyses were the product of legal error. The ALJ also discounted Jeffries's symptom testimony (AR 31), but Jeffries does not contend that was an error either.
[2] Jeffries only alleged the mental impairment of depression. (AR 67.) Her attorney pluralizes her allegation as "mental impairments" but does not explain what the additional impairments might be. (*See* Docs. 18, 22.)

Novack, who both opined Jeffries's mental impairment was non-severe. (*See* AR 30 (citing AR 67–75, 77–91).) Notably, Jeffries does not contend Dr. Eblen or Dr. Novack's medical opinions were incorrect or that the ALJ should not have relied on them. (*See* Docs. 18, 22.) These sources provide substantial evidence for the ALJ's conclusion that Jeffries's mental impairment was not severe, despite Dr. Coelho opining it was. *See Orn*, 495 F.3d at 630 (simplified). And the ALJ cited medical records from early 2022 showing largely normal mental status examinations—despite sometimes also acknowledging Jeffries's depression—which contradict Jeffries's claim of a severe decline in mental health toward the end of 2021. (*See* AR 21 (citing AR 936, 1064, 1264, 1294, 1405).)

Jeffries recharacterizes the medical records the ALJ cites, arguing they support a finding her mental impairment is severe. (Doc. 18 at 11–14.) But if "the evidence [in the record] is susceptible to more than one rational interpretation," the court must "uphold the ALJ's conclusion." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (simplified), *superseded on other grounds by* 20 C.F.R § 404.1502(a); *see also Michelle C. v. Comm'r of Soc. Sec.*, No. 2:17-CV-00339-MKD, 2018 WL 6606071, at *6 (E.D. Wash. Dec. 17, 2018). Jeffries's contention that the ALJ erred by finding her mental impairment non-severe fails.

### C. The ALJ's Evaluation of Parikh's Medical Opinion

For claims filed after 2017 like Jeffries's, the most important factors an ALJ considers in evaluating medical opinions are "supportability" and "consistency." *Woods*, 32 F.4th at 791 (citing 20 C.F.R. § 404.1520c(a)). "Supportability" refers to the extent to which a medical source grounds the opinion in an explanation of the relevant objective medical evidence. *Id.* "Consistency" refers to the extent to which the opinion accords with evidence from other medical and nonmedical sources. *Id.* at 792. An ALJ must explain how he considered the supportability and consistency factors when explaining how persuasive he finds a medical opinion. *Id.* But under the 2017 regulations, an ALJ need no longer give special deference to treating physicians, nor provide "specific and legitimate reasons" for rejecting a treating doctor's opinion. *Id.* Instead, "an ALJ's decision, including the decision

to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Jeffries argues the ALJ improperly discounted Parikh's medical opinion because he failed to show it lacked support. (Doc. 15 at 18.) But the ALJ's decision to discount Parikh's medical opinion must only be supported by "substantial evidence," and it was here. *See Orn*, 495 F.3d at 630 (simplified). The ALJ acknowledged Parikh's limiting Jeffries to "light work, with the noted postural, manipulative and environmental limitations is supported given her degenerative dis[c] disease with pain that radiates to the upper and lower extremities." (AR 31.) But the ALJ noted "increased limitations are not supported, given that [Jeffries] was largely observed with full musculoskeletal strength and a normal gait." (AR 31.) The ALJ cited 21 pages of medical records for this finding, far exceeding the "substantial evidence" threshold requiring more than a "mere scintilla" of evidence. *Id.* (simplified).

Jeffries also argues "Parikh provided far more support for [her] opinion" than a doctor in an unpublished Ninth Circuit case reversing an ALJ's rejection of a medical opinion. (Doc. 18 at 15 (citing *Liburd v. Comm'r of Soc. Sec. Admin.*, No. 21-35435, 2022 WL 1616975 (9th Cir. May 23, 2022)).) It is unclear how this case supports Jeffries's argument. *Liburd* reversed an ALJ's decision to discount a medical opinion as unsupported by substantial evidence where "*all* the ALJ's reasons for rejecting [the medical] opinion [were] contradicted by the record." *Id.* at *1 (emphasis added). That is not the case here, where the ALJ cited many medical records contradicting Parikh's findings and noted that Parikh was unable to conduct a complete physical exam. (AR 31.) These reasons for discounting Parikh's opinion are supported by the record, unlike the ALJ's rationale in *Liburd*. (*See, e.g.*, AR 312, 355, 1781.) Jeffries's argument that the ALJ erred in discounting Parikh's medical opinion therefore fails.

**D. The ALJ's Evaluation of Dr. Coelho's Medical Opinion**

Jeffries summarily argues the ALJ failed to make a supportability finding in rejecting Dr. Coelho's opinion as unpersuasive. (Doc. 18 at 16.) By only contesting

supportability (*see* Doc. 18 at 16–17), she appears to concede the ALJ properly evaluated the "consistency" of Dr. Coelho's opinion. *See Woods*, 32 F.4th at 791 (citing 20 C.F.R. § 404.1520c(a)). Her argument fails.

The ALJ made an explicit finding that Dr. Coelho's opinion was not supported by her examination. (AR 30.) He cited one of Dr. Coelho's medical records which showed that Jeffries scored a 29 out of 30 on a cognitive function examination. (AR 30 (citing AR 529).) Jeffries cites no case law indicating that a single record is insufficient to establish "substantial evidence" (i.e., that it provides more than a "mere scintilla" of evidence). She also does not cite to records that contradict the one the ALJ cited. And in fact, in reviewing Dr. Coelho's opinion, other doctors noted it was not supported because Dr. Coelho relied too heavily on the subjective symptoms Jeffries was displaying on the day of the exam and not enough on the testing Coelho performed or the records as a whole. (AR 72, 83.)

Even if this piece of evidence were discounted, the ALJ cited additional evidence which Jeffries does not dispute that independently supported finding Dr. Coelho's opinion unpersuasive. (*Compare* Doc. 18 at 16–17 *with* AR 30.) Furthermore, when the record evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *See Tommasetti*, 533 F.3d at 1039. Here, where other medical professionals opined that Jeffries's depression was not severe (*see* AR 67–75, 77–91) and opined that Dr. Coelho's opinion was not supported (*see* AR 72, 83), the evidence is susceptible to more than one rational interpretation. For these reasons, Jeffries's argument that the ALJ improperly rejected Dr. Coelho's opinion fails.

IV. **Conclusion**

The ALJ did not err in finding Jeffries's mental impairment non-severe. He also did not err in finding the opinions of Parikh and Dr. Coelho unpersuasive. Because the ALJ's decision is supported by substantial evidence and is not based on harmful legal error, it is affirmed.

/

/

Accordingly,

**IT IS ORDERED** affirming the April 26, 2023, decision of the ALJ.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 19th day of February, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge